## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERIC G. BRISTER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 10-2941** |
| **WARDEN BURL CAIN** | * | **SECTION: "R"(6)** |

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.   Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is  hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

**Procedural Summary**

Petitioner, Eric G. Brister, is a state prisoner currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  Brister is presently serving a life sentence as a result of his conviction of distribution of cocaine and his subsequent adjudication as a multiple offender.

Brister was charged in a bill of information with distribution of cocaine, in violation of LSA-R.S. 40:967(A)(1) in the 22nd Judicial District Court, Parish of Washington, State of Louisiana.  Petitioner initially pled not guilty, but withdrew his plea and entered a plea of guilty as charged on April 11, 2007.  Petitioner was subsequently charged in a bill of information as a multiple offender.  The trial court adjudicated Brister to be a fourth or subsequent habitual offender.  On June 4, 2008, Brister was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence pursuant to LSA-R.S. 15:529.1(A)(1)(c)(ii).

Petitioner appealed his conviction, habitual offender adjudication and sentence to the Louisiana Court of Appeal, First Circuit.  Petitioner claimed that the trial court imposed an unconstitutional excessive sentence.  He further contended that he was sentenced to life imprisonment because he was a drug addict.  The Louisiana

2

Court of Appeal, First Circuit affirmed petitioner's conviction, habitual offender adjudication and sentence on October 23, 2009.[1]

Petitioner applied for a writ of certiorari and/or review in the Louisiana Supreme Court, where he raised the same issues previously raised in the appellate court.[2] The Louisiana Supreme Court denied relief on May 21, 2010.[3] On August 24, 2010,[4] petitioner signed and filed his federal application for habeas corpus relief.[5] Petitioner claims that he received a cruel and unusual excessive sentence which is violative of the Eighth and Fourteenth Amendments to the United States Constitution.[6]

---

[1]**State v. Brister,** 24 So.3rd 1032 (Table), No. 2009-0655 (La. App. 1 Cir. 10/23/09)(unpublished opinion).  See 2009 WL 3452883.  A copy of the unpublished opinion is contained in Volume 1 of the State Record.

[2]See State Record, Application for Writ of Certiorari and Review, page 3, **State of La. ex rel. Eric G. Brister v. N. Burl Cain,** No. 2009-KO-2570.

[3]**State v. Brister,** 36 So.3d 228 (La. 5/21/10).

[4]This August 24, 2010, filing date was ascertained via the Court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing and, therefore, the filing date.  *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application).

[5]See Fed. Rec., Doc. #1.

[6]**Ibid,** page 6, paragraph 12.

3

The State of Louisiana concedes that the petition was timely filed. However, the State argues that the subject petition should be dismissed, because it contains one exhausted claim and one unexhausted claim. According to the State, petitioner's first claim is that his sentence is disproportionate to the crime for which he was convicted and his second claim alleges that his punishment for "status" (being an addict) is unconstitutional.[7] The State also addressed the merits of petitioner's claims and argued that the petition should be dismissed.

Review of the State record shows that petitioner exhausted both of his federal claims in the lower State Courts as well as in the Louisiana Supreme Court. Petitioner's original brief filed in the Louisiana Court of Appeal, First Circuit, No. 09-KA-0655, contained the assignment of error as to whether the trial court's sentence was unconstitutionally excessive.[8] Petitioner also contended that he was "sentenced to life at hard labor for being an addict."[9]

---

[7]See Fed. Rec. Doc. #9, Answer page 2, paragraph 4. Also see attached Memorandum in Opposition to Application for Habeas Corpus, page 3.

[8]See State Record, Vol. 1, Original Brief on Appeal filed on behalf of Eric G. Brister, see pages 4 and 5.

[9]**Ibid,** page 6, paragraph 2. Also see the unpublished opinion on direct appeal, **State v. Brister,** No. 2009-KA- 0655, page 2 (La. App. 1 Cir. Oct. 23, 2009)(a copy is contained in the State Record , Vol. 1) where the appellate court explained Brister's assignment of error as follows, in pertinent part:

In the sole assignment of error, the defendant contends that the

Thus, after review of the state and federal records, this Court has determined that the petitioner has exhausted his state court remedies as required under **Rose v. Lundy,** 455 U.S. 509, 102 S.Ct. 1198 (1982).  Accordingly, the court shall proceed to address the merits of petitioner's claims following its review of the pertinent facts and applicable standard of review.

### Statement of the Case[10]

Mr. Brister was charged by bill of information with Distribution of Cocaine in violation of La. R.S. 40:967(A)(1) (R.p. 22).  The charges arose when he sold cocaine on three separate occasions to officers of the Pearl River Basin Narcotics Task Force, which included Bogalusa, Louisiana.  The officers who purchased drugs

---

trial court erred in imposing an unconstitutionally excessive sentence.  The defendant argues that he was sentenced to life imprisonment for being a drug addict.  He further argues that he is not the worst offender and that his offense is not the worst type of offense that would warrant a sentence of life imprisonment.  The defendant concludes that he has shown he is exceptional.  He further concludes that, due to unusual circumstances, he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case, such that a downward departure from the minimum sentence prescribed under the habitual offender law is required.

[10]The Statement of the Case is taken from the State Record, Volume 1 of 1, Original Brief on Appeal filed on May 1, 2009, on behalf of Eric G. Brister, pages 2-3, **State v. Brister,** No. 2009-KA-0655, State of Louisiana Court of Appeal First Circuit.  This Court reviewed the State Record and the relevant transcripts.  (Footnote omitted.)

from the defendant included Chad McElween and William Brown.   Officers McElween and Brown both participated in purchases of cocaine from Mr. Brister on June 3, 2003 and Officer Brown participated in a subsequent purchase from him on June 30, 2004.  (R.p. 67-74.)  Both Officers McElween and Officer Brown positively identified the defendant both shortly after the drug buys and in court (R.p. 65, 70, 73).

A motion to suppress the identifications was heard on January 22, 2007 and denied by the trial court (R.p. 97).  The prosecutor indicated that he was ready for trial, but that he suspected that defense counsel was considering a **Crosby** plea (R.p. 98).

Subsequently, the defendant changed his plea to guilty (R.p. 119).  The trial court accepted his plea of guilty and ordered a pre-sentence investigation (R.p. 123).

The state filed a multiple offender bill of information (R.p. 32) and the defendant stipulated to the allegations of the bill and defense counsel stated that he had found no constitutional defects in the prior convictions (R.p. 135).  The court found the defendant to be a fourth felony offender (R.p. 137).

At a sentencing hearing, the defendant produced six witnesses, together with himself.  The witnesses included a former coach, his minister, the Assistant

6

Warden of the facility where he had been housed since his arrest, two law enforcement officers and his mother.  His coach and minister testified to his essential goodness (R.p. 150, 154).  The drug task force officers and his mother testified that he was, at most, a cocaine user who sold cocaine only to acquire that which his addiction demanded (R.p. 160, 164, 168).  The Warden testified that he was an excellent inmate and had received no write-ups (R.p. 157).  Mr. Brister testified to the horrors of his addiction and expressed his sincere remorse for what he had done (R.p. 175).

### Standard of Review

This habeas proceeding is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, because Brister filed his federal petition on August 24, 2010, well after AEDPA's effective date.  See **Lindh v. Murphy,** 521 U.S. 320, 335–36 (1997).  "Under AEDPA, if a state court has adjudicated a habeas petitioner's claims on the merits, he may receive relief in the federal courts only where the state court decision 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.'" **Rivera v. Quarterman**, 505 F.3d 349, 356 (5th Cir. 2007), (quoting 28 U.S.C. § 2254(d)), *cert. denied*, -- U.S.--, 129 S.Ct. 176, 172 L.Ed.2d 44 (2008).

"A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts." **Gray v. Epps**, 616 F.3d 436, 439 (5th Cir. 2010) (citing *Williams v. Taylor*, 529 U.S. 362, 404–08, 120 S. Ct. 1495 (2000)). To merit habeas relief, a state habeas court's application of federal law must be not only incorrect but "objectively unreasonable." **Renico v. Lett**, -- U.S. --, 130 S. Ct. 1855, 1865, 176 L.Ed.2d 678 (2010). *See also*, **Schriro v. Landrigan**, 550 U.S. 465, 473, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007)( "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold.")

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding."  28 U.S.C. § 2254(d)(2); *see also* **Hill v. Johnson,** 210 F.3d

481, at 485; 28 U.S.C. § 2254(e)(1).

### Excessive Sentence

Petitioner Brister claims that his sentence to life imprisonment at hard

labor without the benefit of probation, parole or suspension of sentence constitutes

cruel and unusual punishment which is violative of his rights as provided for by the

Eighth and Fourteenth Amendments to the United States Constitution.  Moreover,

petitioner argues that his life sentence was illegally imposed because of his status of

being a drug addict.

The State argues, as follows, that Brister is not entitled to habeas corpus

relief because his sentence was not excessive:

> Brister was convicted of distribution of cocaine in violation
> of La. R.S. 40:967(A).  The penalty provided by of La. R.S.
> 40:967(B)(4)(b) is imprisonment for not less than two nor
> more than thirty years.    However, defendant was
> subsequently adjudicated a fourth or subsequent felony
> offender as a result of prior convictions for conspiracy to
> distribute cocaine, three additional convictions for
> distribution of cocaine and a prior conviction for possession
> with intent to distribute hydrochloride.  As a result, the
> sentence set forth by La. R.S. 15:529.1(A)(1)(c)(ii) was a
> mandatory life sentence.  Brister was not sentenced to life
> imprisonment as a result of his alleged status as a drug

addict, but as a result of his prior actions and multiple prior drug convictions.[11]

Federal courts accord broad discretion to a state trial court's sentencing decision that falls within statutory limits. **Haynes v. Butler,** 825 F.2d 921, 923-24 (5th Cir. 1987); and, **Turner v. Cain,** 199 F.3d 437 (5th Cir. 1999) (unpublished) (sentence was within Louisiana statutory limits and within trial court's discretion, therefore petitioner failed to state cognizable habeas claim for excessive sentence). If a sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is grossly disproportionate to the gravity of the offense. **Harmelin v. Michigan,** 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); **Solem v. Helm,** 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). See also, **Jones v. Cain,** 2009 WL 928 477 (E.D. La., April 3, 2009 (Lemmon, J.); **Lott v. Miller,** 2008 WL 4889650 (E.D. La., Nov. 3, 2008) (Africk, J.); and, **Williams v. Cain,** 2008 WL 3363562 (E.D. La., Aug. 8, 2008) (Barbier, J.).

The United States Supreme Court has stated that " '[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the

---

[11]See Federal Record, Document No. 10, Memorandum in Opposition to Application for Habeas Corpus, page 5.

crime.' " **Ewing v. California,** 538 U.S. 11, 21, 123 S.Ct. 1179, 1185, 155 L.Ed.2d

108 (2003) (*quoting* **Harmelin,** 501 U.S. at 1001 (Kennedy J., concurring in part and

concurring in judgment)).  The Supreme Court has recognized that only the rare case

will reach the level of gross disproportionality.  **Id.,** 538 U.S. at 30 (*quoting*

**Harmelin**, 501 U.S. at 1005).

      The state district court denied petitioner's excessive sentence claim[12] and

this denial was upheld by the Louisiana Court of Appeal First Circuit, which stated:

> The trial court has wide discretion in imposing a sentence
> within the statutory limits and such a sentence will not be
> set aside as excessive in the absence of manifest abuse of
> discretion.  **State v. Loston**, 03-0977 (La. App. 1st Cir.
> 2/23/04), 874 So.2d 197, 210, *writ denied,* 04-0792 (La.
> 9/24/04), 882 So.2d 1167.

**State v. Brister,** No. 2009-KA-0655, page 3.

      The Louisiana Court of Appeal, First Circuit, also acknowledged that the

Louisiana Supreme Court affirmed a trial judge's duty to reduce an excessive sentence

in the context of the multiple offender law as follows:

> In **State v. Dorthey,** 623 So.2d 1276, 1280-81 (La.1993),
> the Louisiana Supreme Court recognized that if a trial judge
> determines that the punishment mandated by the habitual

---

[12]See State Record, page 45, Motion to Reconsider Sentence and Order denying the
motion on June 25, 2008.

offender law makes no measurable contribution to acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime, he is duty bound to reduce the sentence to one that would not be constitutionally excessive.  However, the holding in **Dorthey** was made only after, and in light of, express recognition by the court that the determination and definition of acts that are punishable as crimes is purely a legislative function. It is the legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. Moreover, courts are charged with applying these punishments unless they are found to be unconstitutional. **Dorthey,** 623 So.2d at 1278.

**State v. Brister,** No. 2009-KA-0655, pages 3-4.

The trial court determined that Brister's sentence should be rendered in accordance with the Louisiana Multiple Offender Law.  (LSA-R.S. 15:529.1(A)(1)(c)(ii).)  The trial court heard from at least six character witnesses who also attested to Brister's drug addiction.  The trial court took a hard look at Brister's prior criminal record and determined that the multiple bill of information contained eight prior felony convictions, the majority of which involved distribution of cocaine. (See State Record, Vol. 1, pages 32-33, for a copy of the Multiple Bill of Information. Also see State Record, Vol. 1, Transcript dated June 4, 2008, pages 178-186, regarding the trial judge's reasons for imposing the life sentence upon Brister.)  The

trial judge considered the witnesses' testimony and that of the petitioner concerning his addiction to cocaine. It is clear that the trial court concluded that the mandatory life sentence was not excessive.

After considering the record and the application law, the Louisiana Court of Appeal First Circuit affirmed petitioner's conviction, habitual offender adjudication and sentence. The court concluded:

> The trial court gave due consideration to the character witnesses and the guidelines in imposing sentence. Based on the record before us, we find that the defendant has failed to show that he is exceptional or that the mandatory life imprisonment sentence is not meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. Thus, we do not find that downward departure from the mandatory sentence of imprisonment for life was required in this case. The trial court did not err in denying the motion to reconsider sentence. This assignment of error is without merit.

**State v. Brister,** No. 2009-KA-0655, pages 5-6.

Petitioner's sentence was withing the statutory limits. Moreover, petitioner has failed to demonstrate that the state court's decision was contrary to, or involved unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court rejects petitioner's claims that his sentence was excessive.

## RECOMMENDATION

Accordingly, for the aforementioned reasons, IT IS HEREBY RECOMMENDED that the petition for Eric G. Brister for habeas corpus relief be **DENIED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Title 28, United States Code, Section 636(b)(1); **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996)(*en banc*).[13]

New Orleans, Louisiana, this __20th__ day of _____June_____, 2011.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[13]**Douglass** referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, Title 28, United States Code, Section 636(b)(1) was amended to extend that period to fourteen days.

14